## Barrett *versus* Johnson.

1. Barrett employed Johnson to sell his land for the sum it had cost him, which he stated was $28,000 ; the commissions to be 2 per cent. on the cost and 30 per cent. on the amount beyond. Johnson sold the land for $36,000. In a suit for commissions according to the above terms on the whole sum, it was competent for Barrett to show that he was bound to pay to another, one-fourth of the peach crop on the land and that it was understood between him and Johnson that this one-fourth was an item in the cost of the farm.

2. The one-fourth of the peach crop was as if the land had been sold subject to liens to that amount.

February 10th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Barrett *v.* Johnson.]

Error to the District Court of *Philadelphia:* No. 99, of July Term 1869.

Albert T. Johnson brought an action of assumpsit on the 2d of November 1867, against Benjamin F. Barrett, to recover commissions for the sale of real estate.

On the trial, before Greenbank, J., the ground of the plaintiff's claim was contained in a letter from the defendant to him, dated October 9th 1865, asking the plaintiff to effect a sale of 500 acres of land in the state of Delaware. In the letter he says: * * * "I have made a calculation of the whole cost to me. The whole thing will stand me in $28,682.93. * * If I get this, I shall consider myself made whole—and that is all I now expect or ask. * * * If you can sell it for the above-named sum, I will allow you your commissions of two per cent.; and you shall have thirty per cent. of whatever you get above this. * * * I figure the thing thus:

| | | |
|---|---|---:|
| Buildings (at lowest cash estimate) | . . | $6,000 |
| 10,000 peach trees    do.    75c. | . . . | 7,500 |
| Grape vines, raspberries, blackberries | . . | 250 |
| 500 acres of land,    do.    $30, | . . . | 15,000 |
| Total, | . . . . . . | $28,750" |

The property was sold by the plaintiff to Eli Felt for $36,000. His claim was for commissions at 2 per cent. on $28,682.93, amounting to $573.65, and commissions at 30 per cent. on $7317.07, the remainder of the $36,000, amounting to $2195.12, from which were to be deducted $720 paid by the defendant. The plaintiff having closed, the defendant offered to prove by Eli Felt, "that he, the defendant, had to pay one-fourth of the peach crop on the said farm to Mr. Taylor; also to prove the value of the one-fourth of the peach crop; and also that it was distinctly understood between the plaintiff and the defendant that one-fourth of the peach crop was an item in the cost of said farm. And also to prove by this witness the true amount realized by the defendant, from the sale of this property; and also the sum which made him whole, so as to furnish the basis for an estimate of the thirty per cent. commission claimed by the plaintiff, if the defendant is at all liable for such a rate of commission on the sale of his property." After objection by the plaintiff the evidence was rejected, and a bill of exceptions was sealed.

The verdict was for the plaintiff for $2435.83.

On a writ of error by the defendant, he assigned for error the rejection of his offer.

*H. E. Keene,* for plaintiff in error, cited Miles *v.* Stevens, 3 Barr 21.

[Barrett v. Johnson.]

*C. D. Freeman* and *W. S. Price*, for defendant in error.

The opinion of the court was delivered, October 20th 1870, by
THOMPSON, C. J.—There is only one error assigned on the
record, and we think it is sustained. If, as proposed to be proved,
Johnson, the plaintiff, knew from Barrett, anterior to the sale of
the farm in question, that the one-fourth of the peach crops for
one or more years was to go to others, and was not the property
of Barrett to sell, and to be deducted from the gross amount of
sales proposed to be made by him, and that they did so go, and
the amount of the purchase-money was in fact reduced by that
amount, he was certainly not entitled to thirty per cent. commis-
sions on that sum. Barrett never received it, and the offer was to
prove that he knew he was not to receive it. With that knowledge
he was no more entitled to commissions on the amount deducted
than if he had sold subject to liens. We think the testimony
should have been received and have gone to the jury as a means
of determining the amount the plaintiff was entitled to, if any-
thing, on the basis of his claim. On the hypothesis that the de-
duction of the one-fourth of the peaches was necessary to enter
into the calculation of what would be requisite to make the de-
fendant whole in the sale of his property, we predicate nothing,
for we see no evidence that the plaintiff was only to receive thirty
per cent. of the amount he should sell the property for over and
above what would make the defendant whole. That is the aspect
of the case now, but for the preceding reason we think the case
should be reversed.

Judgment reversed, and *venire de novo* awarded.